

**PINNOCK & WAKEFIELD**
A Professional Corporation
David C. Wakefield, Esq.      Bar #: 185736
Theodore A. Pinnock, Esq.     Bar #: 153434
Michelle L. Wakefield, Esq.   Bar #: 200424
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
Telephone:  619.858.3671
Facsimile:  619.858.3646

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

ROBERT MCCARTHY,

         Plaintiff,

    v.

KMAN PARTNERS a.k.a. K.M.A.N.
PARTNERS d.b.a. QUALITY INN &
SUITES; ASHOK PATEL, General
Partner of KMAN PARTNERS
a.k.a. K.M.A.N. PARTNERS;
AMIN-CONCORD, LLC; RICHMOND
HOSPITALITY INVESTMENTS,
INC.; ROSHAN INVESTMENTS,
LLC; And **DOES 1 THROUGH 10,**
**Inclusive**

        Defendants.

Case No **C 06 1261**

**CIVIL COMPLAINT:**
DISCRIMINATORY PRACTICES IN
PUBLIC ACCOMMODATIONS
[42 U.S.C. 12182(a) ET. SEQ;
CIVIL CODE 51, 52, 54, 54.1]

NEGLIGENCE
[CIVIL CODE 1714(a), 2338,
3333; EVIDENCE CODE 669(a)]

DEMAND FOR JURY TRIAL
[F.R.Civ.P. rule 38(b)]

## INTRODUCTION

Plaintiff ROBERT MCCARTHY herein complain, by filing this
Civil Complaint in accordance with rule 8 of the Federal Rules of
Civil Procedure in the Judicial District of the United States
District Court of the Northern District of California, that
Defendants have in the past, and presently are, engaging in

discriminatory practices against individuals with disabilities, specifically including minorities with disabilities. Plaintiff alleges this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers. Therefore, Plaintiff makes the following allegations in this federal civil rights action:

## JURISDICTION AND VENUE

1. The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq. Venue in the Judicial District of the United States District Court of the Northern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiff's claims arose within the Judicial District of the United States District Court of the Northern District of California.

## INTRADISTRICT ASSIGNMENT

2. Pursuant to Local Rule 3-2, this action should be assigned to the San Francisco Division as the property that is the subject of this action is situated in Contra Costa County.

## SUPPLEMENTAL JURISDICTION

3.   The Judicial District of the United States District Court of the Northern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).   The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts.   The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff was denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when Plaintiff ROBERT MCCARTHY attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint.   Further, due to this denial of full and equal access, Plaintiff ROBERT MCCARTHY and other persons with disabilities were injured.   Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

4.   Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Defendant KMAN PARTNERS a.k.a. K.M.A.N. PARTNERS d.b.a. QUALITY INN & SUITES is located at 915 West Cutting Boulevard, Point Richmond, California, 94804-2450.   Plaintiff is informed and

believes and thereon alleges that Defendants KMAN PARTNERS a.k.a. K.M.A.N. PARTNERS and ASHOK PATEL, General Partner of KMAN PARTNERS a.k.a. K.M.A.N. PARTNERS are the owners, operators, franchisees, and/or lessors of the QUALITY INN & SUITES that is the subject of this Civil Complaint.  Defendants KMAN PARTNERS a.k.a. K.M.A.N. PARTNERS and ASHOK PATEL, General Partner of KMAN PARTNERS a.k.a. K.M.A.N. PARTNERS are located at 4258 Cesar Chavez Street, San Francisco, California, 94131.  Plaintiff is informed and believes and thereon alleges that Defendants AMIN-CONCORD, LLC; RICHMOND HOSPITALITY INVESTMENTS, INC.; and ROSHAN INVESTMENTS, LLC, are the owners, operators, and/or lessors of the real property located at 915 West Cutting Boulevard, Point Richmond, California, 94804-2450, Assessor Parcel Number 550-012-006.  Defendant AMIN-CONCORD, LLC, is located at 220 North Bayshore Boulevard, San Mateo, California, 94401.  Defendant RICHMOND HOSPITALITY INVESTMENTS, INC., is located at 25623 Amberleaf Road, Torrance, California, 90505.  Defendant ROSHAN INVESTMENTS, LLC, is located at 610 Geary Street, San Francisco, California, 94102.

5.   The words Plaintiff and Plaintiffs as used herein specifically include ROBERT MCCARTHY and persons associated with ROBERT MCCARTHY who accompanied him to Defendants' facilities.

6.   Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of KMAN PARTNERS a.k.a. K.M.A.N. PARTNERS d.b.a. QUALITY INN & SUITES; ASHOK PATEL, General Partner of KMAN PARTNERS a.k.a. K.M.A.N. PARTNERS; AMIN-CONCORD, LLC; RICHMOND HOSPITALITY INVESTMENTS,

4

INC.; and/or ROSHAN INVESTMENTS, LLC.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

7.    Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

### CONCISE SET OF FACTS

8.    Plaintiff ROBERT MCCARTHY has an impairment and due to this impairment he has learned to successfully operate a wheelchair.

9.    On January 19, 2006, and on January 20, 2006, Plaintiff ROBERT MCCARTHY went to Defendants' KMAN PARTNERS a.k.a. K.M.A.N. PARTNERS d.b.a. QUALITY INN & SUITES (hereinafter "QUALITY INN & SUITES") facilities to utilize their goods and/or services. When Plaintiff ROBERT MCCARTHY patronized Defendants' facilities, he was unable to use and/or had difficulty using the public accommodations' disabled parking, exterior path of travel, curb

ramp, lobby entrance, counter, guestroom entrance, guestroom bathroom, guestroom interior path of travel, guestroom curtain/lamp operable controls, guestroom desk, guestroom amenity, guest laundry, and pool facilities at Defendants' QUALITY INN & SUITES business establishment because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG") and/or California's Title 24 Building Code Requirements. Defendants failed to remove access barriers within the disabled parking, exterior path of travel, curb ramp, lobby entrance, counter, guestroom entrance, guestroom bathroom, guestroom interior path of travel, guestroom curtain/lamp operable controls, guestroom desk, guestroom amenity, guest laundry, and pool facilities of Defendants' QUALITY INN & SUITES establishment. Plaintiff ROBERT MCCARTHY intends to return to Defendants' QUALITY INN & SUITES facilities in the immediate future.

10.   Plaintiff ROBERT MCCARTHY personally experienced difficulty with said access barriers at Defendants' QUALITY INN & SUITES facilities.  For example, Plaintiff ROBERT MCCARTY lodged at Defendants' hotel with a reservation that had been made during the week of January 15, 2006.  The hotel has two (2) entrances to the parking lot facilities of the hotel, one (1) from Cutting Boulevard and one (1) from a side street.  Neither of these two (2) entrances has the required disability signage informing patrons they may be fined or their vehicles may be towed if they unlawfully park in a disabled parking space.  The hotel parking lot has one hundred forty-six (146) parking spaces.  Within the parking lot there fails to be adequate disabled parking.  Of the

one hundred forty-six (146) parking spaces, only two (2) parking spaces are marked with blue paint.  Neither of these two (2) marked parking spaces have the required disability signage on an upright pole, "Van Accessible" disability signage, nor signage informing patrons they may be fined or their vehicle may be towed if they unlawfully park in a disabled parking space.  There also fails to be the required wheel stops at both of these parking spaces to prevent vehicular encroachment onto the walkway.  This is important as the walkway affected is the only walkway leading to the hotel lobby and guestrooms.  There fails to be the correct number of disabled parking spaces at Defendants' hotel.  There fails to be a designated safe and accessible exterior path of travel leading from either public street to the walkway or entrance of the hotel.

11.  Plaintiff ROBERT MCCARTHY went into the QUALITY INN & SUITES lobby and registered as a guest in the hotel.  The lobby entrance door fails to have the required disability signage.  Further, the registration counter within the lobby is too high to be accessible, as the counter is forty-two inches (42") high.  As a result of the high registration counter, Plaintiff ROBERT MCCARTHY had extreme difficulty conducting his transaction and passing items over this counter.

12.  At the disabled parking space used by Plaintiff ROBERT MCCARTHY a curb ramp encroaches into the access aisle of the designated disabled parking space.  As a result, this curb ramp interfered with Plaintiff ROBERT MCCARTHY's use of the access aisle, as Plaintiff ROBERT MCCARTHY had a rental van equipped with

a drop-down ramp at the passenger side sliding door.  This van ramp overlapped part of the curb ramp, as a direct result of the curb ramp encroachment into the access aisle.  Immediately after checking into the hotel, Plaintiff ROBERT MCCARTHY returned to his vehicle to collect his things.  Plaintiff ROBERT MCCARTHY placed a cardboard box containing clothing, reading material, and three (3) cups of coffee on his lap.  As Plaintiff ROBERT MCCARTHY attempted to roll down and off of the vehicle ramp, Plaintiff ROBERT MCCARTHY turned left onto the curb ramp.  Plaintiff ROBERT MCCARTHY did not realize that the right front wheel of his wheelchair was dangling over the edge of the curb ramp or that the big right wheel of his wheelchair was going to miss the curb ramp as he turned his wheelchair to the left.  Unexpectedly, Plaintiff ROBERT MCCARTHY's wheelchair flipped to the right off of the curb ramp and Plaintiff ROBERT MCCARTHY fell to the ground onto his right side.  Plaintiff ROBERT MCCARTHY's right elbow and lateral knee joint hit the ground forcefully.  At first, Plaintiff ROBERT MCCARTHY moved himself and the contents of the box out of the way of the spilled coffee.  Then Plaintiff ROBERT MCCARTHY uprighted his wheelchair.  A few minutes after falling, a man walked by Plaintiff ROBERT MCCARTHY and asked Plaintiff if he needed help. Plaintiff ROBERT MCCARTHY replied that he was unable to get himself back into his wheelchair without assistance.  The man then identified himself as Mr. Guillaum, the manager of Defendants' QUALITY INN & SUITES.  Plaintiff ROBERT MCCARTHY is informed and believes and thereon alleges that Mr. Guillaum is French.  Also, Plaintiff ROBERT MCCARTHY is informed and believes and thereon

alleges that the Assistant Manager of Defendant QUALITY INN & SUITES, Sandra, may have seen Plaintiff on the ground.  Plaintiff ROBERT MCCARTHY is informed and believes and thereon alleges that Sandra is from Kenya.  Later, Assistant Manager Sandra stated to Plaintiff ROBERT MCCARTHY that she was sorry about Plaintiff's fall and injury.  Mr. Guillaum and two (2) other men lifted Plaintiff ROBERT MCCARTHY into his wheelchair.  Mr. Guillaum escorted Plaintiff ROBERT MCCARTHY to his guestroom and later returned with free replacement coffee for Plaintiff ROBERT MCCARTHY.  Plaintiff ROBERT MCCARTHY's right knee hurt terribly throughout the night and the pain disrupted his sleep.  The next morning, Plaintiff ROBERT MCCARTHY was in excruciating pain in his right knee as he was sitting in the bottom of the guestroom bathtub and tried to straighten his right leg.  This pain persisted for Plaintiff ROBERT MCCARTHY for approximately ten (10) days.

13.  Plaintiff ROBERT MCCARTHY was given Guestroom 114.  This guestroom fails to be accessible.  At the entrance door to Guestroom 114, Plaintiff ROBERT MCCARTHY was precluded from accessing the very high night latch, as it is mounted sixty inches (60″) high or use the peephole on the door, as it is mounted sixty inches (60″) high.  As a result, the safety and security features available to other patrons were denied to Plaintiff ROBERT MCCARTHY.  This greatly concerned Plaintiff ROBERT MCCARTHY as the registration clerk, by the name of Denise, informed Plaintiff ROBERT MCCARTHY to be very careful, as there are a great deal of transients and "pan handlers" in the area.  On the morning of

January 20, 2006, Plaintiff ROBERT MCCARTHY had extreme difficulty bathing himself.   In the bathtub, there fails to be the required bench or seat.   There also fails to be the required hand-held sprayer unit.   The wall mounted showerhead was directed toward the rear wall and too high for Plaintiff ROBERT MCCARTHY to reach and re-position.   The bathtub faucet control valve is very far from the edge of the bathtub, requiring Plaintiff ROBERT MCCARTHY to lean forward and to the side at a very unsafe angle while seated in his wheelchair to operate.   The lavatory sink in Guestroom 114 fails to have the required insulation on the hot water and drainage pipes.   The hand towels are inaccessible in Guestroom 114 as they are located on a very high towel rod next to the lavatory sink.   This towel rod is mounted sixty-two inches (62") above the floor.   The bath towels are also inaccessible, as they are located on a very high rack on the wall above the commode and are fifty-six inches (56") above the floor.   Plaintiff ROBERT MCCARTHY had extreme difficulties in transferring to the commode from his wheelchair and from the commode back into his wheelchair, as the commode is a great distance from the sidewall.   The distance from the sidewall to the commode is nineteen inches (19").   Also, the commode is too low, as it is only sixteen and one-half inches (16 ½") high.   Plaintiff ROBERT MCCARTHY had difficulty accessing the commode flush valve on the far side of the commode tank. Additionally, in the guestroom bathroom of Guestroom 114, Plaintiff ROBERT MCCARTHY was precluded from reaching and using the only clothing rod, as it is mounted fifty-eight inches (58") above the floor and the only shelf, mounted sixty inches (60")

high and directly above the clothing rod.  The clothing hook
mounted on the interior side of the guestroom bathroom door is
also too high to be accessible.

14.    Within Guestroom 114, a table, chairs and the environmental
control (air/heat) unit blocked the interior path of travel,
precluding Plaintiff ROBERT MCCARTHY from reaching the controls to
open and close the window and curtains.  Even if Plaintiff ROBERT
MCCARTHY would have been able to access the area in and around the
curtain controls, Plaintiff ROBERT MCCARTHY was still precluded
from closing the curtains, as the bottom of the vertical curtain
controls are too high to be accessible, as the bottom of the
controls are more than sixty inches (60") high.  As a result,
Plaintiff ROBERT MCCARTHY was completely precluded from closing
the curtains in his guestroom.  Having the curtains constantly
open in his guestroom made Plaintiff ROBERT MCCARTHY feel
extremely uncomfortable, during both awake and sleeping hours, as
strangers were able to view into Plaintiff's guestroom without
Plaintiff being aware.

15.    Within Guestroom 114, the bathroom door fails to open fully,
even to a complete ninety-degree (90°) angle.  Plaintiff ROBERT
MCCARTHY was precluded from accessing the left side of his bed to
allow for a transfer from his wheelchair to the bed from this
side, as the wall is too close to the bed.  This wall is only
thirty-one inches (31") from the bed.  Plaintiff ROBERT MCCARTHY
was not able to use the two (2) wall lamps on each side of his
bed, as the wall lamps have small, round switches that require
tight grasping and/or twisting of the wrist to operate.  The desk

in Guestroom 114 has insufficient knee clearance, as the clearance
is a mere twenty-five and one-half inches (25 ½"). Also, the iron
mounted on the wall fails to be accessible, as it is too high
mounted at more than sixty-six inches (66") above the floor.

16. Defendants' QUALITY INN & SUITES is a two (2) story hotel and
has no elevator access to the second floor of the hotel. The
guest laundry facilities are located only on the second floor of
the hotel. As a result, Plaintiff ROBERT MCCARTHY was precluded
from accessing the guest laundry facilities. There also fails to
be any disability signage or written directives informing disabled
guests how they could use the guest laundry facilities. The
outdoor pool was closed for the winter months, however, Plaintiff
ROBERT MCCARTHY did see that the metal gate entrance doors are
made of vertical metal bars and fail to have the required smooth
and uninterrupted surface on the bottom ten inches (10") of the
doors that allow the doors to be opened by using a wheelchair
footrest without creating a hazard. Also, the pool gate latches
were inaccessible, as they are mounted on the exterior side on the
top right corner and are more than sixty inches (60") high.
Plaintiff ROBERT MCCARTHY did not see the existence of an
assistive lifting device to assist disabled hotel guests into and
out of the pool, nor any disability signage stating that such a
device is available for disabled hotel guests.

17. Plaintiff ROBERT MCCARTHY is presently deterred from
returning due to his knowledge of the barriers to access that
exist at Defendants' QUALITY INN & SUITES facilities.

18. Pursuant to federal and state law, Defendants are required to

remove barriers to their existing facilities.   Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992.   Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

19.   Plaintiff believes and herein alleges Defendants' QUALITY INN & SUITES facilities have access violations not directly experienced by Plaintiff ROBERT MCCARTHY which preclude or limit access by other persons with disabilities, including but not limited to violations relating to Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Accordingly, Plaintiff alleges Defendants are required to remove all architectural barriers, known or unknown.   Also, Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

20.   Based on these facts, Plaintiff ROBERT MCCARTHY alleges he was discriminated against each time he patronized Defendants' QUALITY INN & SUITES establishment.   Plaintiff ROBERT MCCARTHY was

extremely upset due to Defendants' conduct.   Further, Plaintiff
ROBERT MCCARTHY experienced pain in his legs, knees, back, arms,
elbows shoulders and wrists when he attempted to enter, use, and
exit Defendants' facilities.

<u>NOTICE</u>

21.   Plaintiff is not required to provide notice to the defendants
prior to filing a complaint.   *Botosan v. Paul McNally Realty*, 216
F.3d 827, 832 (9th Cir 2000).

<u>**WHAT CLAIMS IS PLAINTIFF ALLEGING AGAINST EACH NAMED DEFENDANT**</u>

22.     KMAN PARTNERS a.k.a. K.M.A.N. PARTNERS d.b.a. QUALITY INN &
SUITES; ASHOK PATEL, General Partner of KMAN PARTNERS a.k.a.
K.M.A.N. PARTNERS; AMIN-CONCORD, LLC; RICHMOND HOSPITALITY
INVESTMENTS, INC.; ROSHAN INVESTMENTS, LLC; and Does 1 through 10
will be referred to collectively hereinafter as "Defendants."
23.   Plaintiff avers that the Defendants are liable for the
following claims as alleged below:

<u>DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS</u>

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS-   <u>**Claims Under The**</u>
<u>**Americans With Disabilities Act Of 1990**</u>

CLAIM I AGAINST ALL DEFENDANTS: <u>**Denial Of Full And Equal Access**</u>
24.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in
this complaint, Plaintiff ROBERT MCCARTHY was denied full and
equal access to Defendants' goods, services, facilities,
privileges, advantages, or accommodations.   Plaintiff alleges
Defendants are a public accommodation owned, leased and/or
operated by Defendants. Defendants' existing facilities and/or

services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a).  Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing facilities.

25.  Plaintiff ROBERT MCCARTHY has physical impairments as alleged in ¶ 8 above because his conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, Plaintiff ROBERT MCCARTHY's said physical impairments substantially limits one or more of the following major life activities:  walking.  In addition, Plaintiff ROBERT MCCARTHY cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff ROBERT MCCARTHY has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

26.  Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Plaintiff ROBERT MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the

facility after January 26, 1992. In performing the alteration,
Defendants failed to make the alteration in such a manner that, to
the maximum extent feasible, the altered portions of the facility
are readily accessible to and usable by individuals with
disabilities, including individuals who use wheelchairs, in
violation of 42 U.S.C. §12183(a)(2).

27.   Additionally, the Defendants undertook an alteration that
affects or could affect the usability of or access to an area of
the facility containing a primary function after January 26, 1992.
Defendants further failed to make the alterations in such a manner
that, to the maximum extent feasible, the path of travel to the
altered area and the bathrooms, telephones, and drinking fountains
serving the altered area, are readily accessible to and usable by
individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

28.   Pursuant to 42 U.S.C. §12183(a), this failure to make the
alterations in a manner that, to the maximum extent feasible, are
readily accessible to and usable by individuals with disabilities
constitutes discrimination for purposes of 42 U.S.C. §12183(a).
Therefore, Defendants discriminated against Plaintiff in violation
of 42 U.S.C. § 12182(a).

29.   Thus, Plaintiff ROBERT MCCARTHY was subjected to
discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C.
§12182(a) and 42 U.S.C. §12188 because Plaintiff ROBERT MCCARTHY
was denied equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural
Barriers**

30.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in

this complaint, Plaintiff ROBERT MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a).   Plaintiff is informed, believes, and thus alleges that architectural barriers which are structural in nature exist within the following physical elements of Defendants' facilities: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).]   Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination.   [See 42 United States Code 12182(b)(2)(A)(iv).]   Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because he was denied equal access to Defendants' existing facilities.

///

///

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

31.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a).   Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing facilities.

32.    Based on the facts plead at ¶¶ 7 - 20 above, Claims I, II, and III of Plaintiff's First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.   Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community.   Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation.   Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.   Plaintiff desires to return to Defendants' places of business in the immediate future.   Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin

compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

33.    WHEREFORE, Plaintiff prays for judgment and relief as hereinafter set forth.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

34.    Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Plaintiff ROBERT MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.  Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide access to Defendants' facilities due to violations pertaining to the Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

35.    These violations denied Plaintiff ROBERT MCCARTHY full and equal access to Defendants' facility. Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff ROBERT MCCARTHY was denied

full, equal and safe access to Defendants' facility, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

36.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1.   Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

37.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

38.   Based on the facts plead at ¶¶ 7 - 20 above, Claims I, II, and III of Plaintiff's Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.   Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory

repetition adversely impacts Plaintiff and a substantial segment of the disability community.  Plaintiff alleges there is a state and national public interest in requiring accessibility in places of public accommodation.  Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiff desires to return to Defendants' places of business in the immediate future.  Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

39.   Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

## Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws

40.   Defendants, each of them respectively, at times prior to and including, the month of January, 2006, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility.  Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff and other similarly situated persons with disabilities.  Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove.  Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or

correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' QUALITY INN & SUITES facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

41. Defendants, and each of their actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiff and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiff and other members of the public with physical disabilities.

42. Plaintiff prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors, and operators of other public facilities from willful disregard of the rights of persons with disabilities. Plaintiff does not know the

22

financial worth of Defendants, or the amount of damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

43.   Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Negligence.**

44.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Defendants owed Plaintiff ROBERT MCCARTHY a statutory duty to make their facility accessible and owed Plaintiff ROBERT MCCARTHY a duty to keep him reasonably safe from known dangers and risks of harm. This said duty arises by virtue of legal duties proscribed by various federal and state statutes including, but not limited to, ADA, ADAAG, Civil Code 51, 52, 54, 54.1 and Title 24 of the California Administrative Code and applicable 1982 Uniform Building Code standards as amended.

45.   Title III of the ADA mandates removal of architectural barriers and prohibits disability discrimination. As well, Defendants' facility, and other goods, services, and/or facilities provided to the public by Defendants are not accessible to and usable by persons with disabilities as required by Health and Safety Code § 19955 which requires private entities to make their facility accessible before and after remodeling, and to remove architectural barriers.

46.   Therefore, Defendants engaged in discriminatory conduct in that they failed to comply with known duties under the ADA, ADAAG, Civil Code 51, 52, 54, 54.1, 54.3, ADAAG, and Title 24, and knew

or should have known that their acts of nonfeasance would cause Plaintiff ROBERT MCCARTHY emotional, bodily and personal injury. Plaintiff ROBERT MCCARTHY further alleges that such conduct was done in reckless disregard of the probability of said conduct causing Plaintiff ROBERT MCCARTHY to suffer bodily or personal injury, anger, embarrassment, depression, anxiety, mortification, humiliation, distress, and fear of physical injury. Plaintiff ROBERT MCCARTHY alleges that such conduct caused him to suffer the injuries of mental and emotional distress, including, but not limited to, anger, embarrassment, depression, anxiety, mortification, humiliation, distress, and fear of physical injury. Further, Plaintiff ROBERT MCCARTHY experienced pain in his legs, knees, back, arms, elbows, shoulders and wrists when he attempted to enter, use, and exit Defendants' facilities.  Plaintiff ROBERT MCCARTHY additionally alleges that such conduct caused him to suffer damages as a result of these injuries.

47.  Wherefore, Plaintiff ROBERT MCCARTHY prays for damages and relief as hereinafter stated.

DEMAND FOR JUDGMENT FOR RELIEF:

A.    For general damages pursuant to Cal. Civil Code §§ 52, 54.3, 3281, and 3333;

B.    For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

C.    In the alternative to the damages pursuant to Cal. Civil

Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

D.     For injunctive relief pursuant to 42 U.S.C. § 12188(a) and Cal. Civil Code § 55.  Plaintiff requests this Court enjoin Defendants to remove all architectural barriers in, at, or on their facilities related to the following: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

E.     For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Civil Code §§ 1032 and 1033.5;

F.     For treble damages pursuant to Cal. Civil Code §§  52(a), and 54.3(a);

///

///

///

///

///

///

///

G.    A Jury Trial and;

H.    For such other further relief as the court deems proper.


Respectfully submitted:


Dated:    February 14, 2006

PINNOCK & WAKEFIELD, A.P.C.

By: _____
    DAVID C. WAKEFIELD, ESQ.
    MICHELLE L. WAKEFIELD, ESQ.
    Attorneys for Plaintiff

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

ROBERT MCCARTHY

KMAN PARTNERS a.k.a. K.M.A.N. PARTNERS d.b.a. QUALITY INN & SUITES; ASHOK PATEL, General Partner of KMAN PARTNERS a.k.a. K.M.A.N. PARTNERS; AMIN-CONCORD, LLC; RICHMOND HOSPITALITY INVESTMENTS, INC.; ROSHAN INVESTMENTS, LLC; And DOES 1 THROUGH 10, Inclusive, Defendants.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

San Diego

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Alameda

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David C. Wakefield, Esq., SBN: 185736, Pinnock & Wakefield
3033 5th Ave., #410, San Diego, CA 92103, (619) 858-3671

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding
☐ Removed from State Court
☐ Remanded from Appellate Court
☐ Reinstated or Reopened
☐ Transferred from Another district (specify)
☐ Multidistrict Litigation
☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 10 Land Condemnation
☐ 20 Foreclosure
☐ 30 Rent Lease & Ejectment
☐ 40 Torts to Land
☐ 45 Tort Product Liability
☐ 90 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury Med Malpractice
☐ 365 Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing
☐ 444 Welfare
☐ 440 Other Civil Rights
☐ 445 Amer w/ disab - Empl
☑ 446 Amer w/ disab - Other
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV

### PRISONER PETITIONS
☐ 510 Motion to Vacate Sentence Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt Relations
☐ 730 Labor/Mgmt Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl.Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (US Plaintiff or Defendant
☐ 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

U.S.C. Sections 12101-12102, 12181-12183, and 12201, Et. Seq.

## REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____ CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES ☐ NO

## RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☑ SAN FRANCISCO/OAKLAND
☐ SAN JOSE

DATE 2/15/06

SIGNATURE OF ATTORNEY OF RECORD